**UNITED STATES of America,
Appellee,**

v.

**Alejandro PEREZ, Defendant–
Appellant.**

No. 06–5845–cr.

United States Court of Appeals,
Second Circuit.

March 21, 2008.

Jennifer G. Rodgers & Katherine Polk Failla, Assistant United States Attorneys, for Michael J. Garcia, United States Attorney for the Southern District of New York, New York, N.Y., for Appellee.

Richard D. Willstatter, Green & Willstatter, White Plains, N.Y., for Appellant.

PRESENT: Hon. WALKER, Hon. GUIDO CALABRESI, Circuit Judges, Hon. STEFAN R. UNDERHILL, District Judge.[1]

## SUMMARY ORDER

Defendant–Appellant Alejandro Perez appeals from the portion of a December 15, 2006 judgment of conviction, entered in the United States District Court for the Southern District of New York, that sentenced him to 235 months' imprisonment for conspiracy to distribute cocaine and crack. We assume the parties' familiarity with the facts of the case, its procedural history, and the scope of the issues on appeal.

Appellant challenges the procedural reasonableness of his sentence. We reject Perez's general argument that the court below gave excessive weight to the Sentencing Guidelines. The record indicates that Judge Lynch understood that the Guidelines were advisory, and that he considered all the § 3553(a) factors. In doing so, the district court did not err when it decided to give "significant weight" to the Guidelines range. *See Gall v. United States*, —— U.S. ——, 128 S.Ct. 586, 596, 169 L.Ed.2d 445 (2007) ("As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark.").

---

1. The Honorable Stefan R. Underhill, United States District Judge for the District of Connecticut, sitting by designation.

Perez, however, who was sentenced pursuant to the 100–to–1 crack-powder cocaine ratio, also contends that we should remand the case to the district court in light of the Supreme Court's subsequent decision in *Kimbrough v. United States,* — U.S. ——, 128 S.Ct. 558, 564, 169 L.Ed.2d 481 (2007). We agree. Because Perez did not raise this argument below, we review the district court's decision for plain error. *United States v. Regalado,* 518 F.3d 143, 146–47 (2d Cir.2008). We are unable, as we were in our recent decision in *Regalado,* to be certain from the record whether the district court would have imposed a lower sentence "had it been aware that 'the cocaine Guidelines, like all other Guidelines, are advisory only,' and that it therefore had discretion to deviate from the Guidelines where necessary to serve the objectives of sentencing under 18 U.S.C. § 3553(a)." [2] *Id.* at 145 (quoting *Kimbrough,* 128 S.Ct. at 564). In these circumstances, the proper course is to remand in order to give the district court "an opportunity to indicate whether it would have imposed a non-Guidelines sentence knowing that it had discretion to deviate from the Guidelines to serve those objectives. If so, the court should vacate the original sentence and resentence the defendant. If not, the court should state on the record that it is declining to resentence, and it should provide an appropriate explanation for this decision." *Id.* at 149.

The case is **REMANDED** to the district court for further proceedings consistent with this order.

---

**2.** Commenting on Perez's Guidelines range, Judge Lynch stated that "this is not a case in which the extremely high sentencing guideline is an artifact of the 100 to 1 crack ratio." This parenthetical remark, however, is not a sufficient indication that Judge Lynch would not have imposed a sentence lower than 235 months had he had the benefit of *Kimbrough.*